FILED
2015 Mar-31  AM 11:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| **AARON LAMONT JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case no.: 4:12-cv-1899-KOB-JEO** |
| | ) | |
| **KIM THOMAS, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

The magistrate judge filed a report and recommendation on December 26, 2012, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. 20). The plaintiff filed objections to the report and recommendation on January 15, 2013. (Doc. 23).

For the reasons stated in this Memorandum Opinion and Order, the court **ADOPTS IN PART** and **REJECTS IN PART** the magistrate judge's report. More specifically, the court **DISMISSES** all claims in the amended complaint *except the plaintiff's claim that defendants Thomas, Davenport and Corizen were deliberately indifferent to his serious medical needs from May 15, 2010 until September 2012.* Further, the court **FINDS** the plaintiff's request for injunctive

relief to be **MOOT**, and **REJECTS** the magistrate judge's report to the extent that it

denies the plaintiff's request for emotional damages. The court also **DENIES** the

plaintiff's Motion requesting permission to amend the complaint (doc. 23, at 19-20)

and **DENIES** his Motion for Reconsideration of Appointment of Counsel (doc. 27).

## I.   Pertinent Procedural History

On May 15, 2012,[1] the plaintiff filed his civil rights complaint.   (Doc. 1).

On July 16, 2012, he filed a "Motion to Clarify Claims and Defendants."   (Doc. 13).

On July 26, 2012, the court ordered the plaintiff to amend his complaint in

accordance with the following instructions:

> Plaintiff must amend his complaint by completing a new §
> 1983 complaint form.   The new complaint must be labeled "Amended
> Complaint" and "4:12-CV-1899-KOB-JEO" must be written on the first
> page.    In the amended complaint, plaintiff should name as defendants
> only those persons who violated his constitutional rights.   Plaintiff
> must identify those persons as defendants both in the heading and in
> Part III of the complaint.   Plaintiff should also state clearly how each
> named defendant violated his constitutional rights, the date(s) on which
> the incident(s) occurred, and where the incident(s) occurred.
> PLAINTIFF   MUST   CLEARLY   SET   FORTH   THE   **FACTS**

_____

[1] Because prisoners proceeding *pro se* have virtually no control over the
mailing of their pleadings, their pleadings are deemed to be filed at the time the
prisoner delivers the pleading to prison or jail officials to be mailed.   *See Houston v.
Lack*, 487 U.S. 266, 270-72 (1988).   The record contains no information regarding
the date the plaintiff gave his complaint to jail officials to mail, and he did not date
his complaint.   The U.S. Postal Service stamped the envelope containing the
plaintiff's complaint on May 15, 2012. Therefore, the court will deem the complaint
to have been filed on May 15, 2012. (The complaint was not received by this court
until May 16, 2012).

CONCERNING ANY INCIDENT ABOUT WHICH HE COMPLAINS. Plaintiff is ADVISED that conclusory and general assertions are not sufficient to state a claim upon which relief under § 1983 can be granted. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). The amended complaint must include all of plaintiff's claims in this action; IT SHOULD NOT REFER BACK TO THE ORIGINAL COMPLAINT. Plaintiff is ADVISED that the Court will consider **only** the claims set forth in the amended complaint. After completing the new complaint form, plaintiff should mail it to the Clerk of the Court.

(Doc. 15 at 1-2).

On August 8, 2012, the plaintiff filed an amended complaint (doc. 17), which is the operative complaint. (Doc. 17). The plaintiff claims that as a St. Clair Correctional Facility (SCCF) inmate, the defendants discriminated against him on the basis of his race, indigent status, politics, and because the Alabama Constitution does not have an Equal Protection Clause. (*Id.* at 5-7).[2] The plaintiff alleges he was charged an excessive phone service charge because of his race and the defendants discriminated in the enforcement of rules; he was denied adequate

---

[2] The court phrases the plaintiff's allegations in the past tense because he was transferred from SCCF almost five months after filing the complaint. The plaintiff filed his original complaint on May 15, 2012. (Doc. 1). On September 27, 2012, the plaintiff notified the court he had been transferred to W.E. Donaldson Correctional Facility, but did not reveal the day he was transferred. (Doc. 18). Since that time, he has also been housed at Jefferson County Jail. (Doc. 26 "Notice," dated April 24, 2013). The plaintiff's July 3, 2014, motion for reconsideration of appointment of counsel displays the address of W.E. Donaldson Correctional Facility. The Alabama Department of Corrections' website shows he is currently being housed at that facility. *See* www.doc.state.al.us.

medical care, food, clothing, shelter, reasonable safety, sanitation, and exercise because the Alabama Prison System is admittedly violent, dangerous, unconstitutionally overcrowded, understaffed and underfunded; he was subjected to abusive language by officers, hazardous living conditions, inadequate sanitation, and inadequate exercise; he was charged a service charge for money orders and officers took store goods that belonged to him for no reason; the defendants violated his constitutional rights by strip searching him, searching his cell with dogs, requiring him to give a urine sample and then gave him a false disciplinary where he was not allowed to question the witnesses he requested.   (*Id.* at 6-12).

The magistrate judge explained in detail his recommendations as to why each of the plaintiff's claims did not rise to the level of a constitutional violation and cited legal authority to support his explanations.   (Doc. 20).   True to the instructions in the order to amend, the report and recommendation considers only the claims and allegations in the amended complaint.   (*Id.* at 2-3).   The report instructed the plaintiff that while he could object to the magistrate judge's factual and legal recommendations, "the filing of objections [was] not a proper vehicle to make new allegations or present additional evidence.   Objections not meeting the specificity requirement set out above will not be considered by a district judge."   (*Id.* at 21-22).

On January 15, 2013, the plaintiff filed his objections.   (Doc. 23).   He

reviews each paragraph of the report and recommendation, and for the most part, restates the same allegations in his amended complaint or cites the amended complaint. (*Id.*). The plaintiff argues the amended complaint *does* show he suffered various constitutional violations, and the magistrate judge did not consider "the unrefuted and undisputed claims." (*Id.* at 7). As will be set out further in this Memorandum Opinion and Order, the plaintiff does make some additional allegations in his objections. He also cites repeatedly to a motion for temporary restraining order (TRO) and motion for reconsideration of the denial of that motion ("motion for reconsideration") to support his objections. (*Id.* at 3-5, 7-9, 12-14, 16-18) (citing Docs. 9 and 12, respectively). These documents were filed prior to the operative amended complaint and contain factual allegations that were not pled in the operative amended complaint. The court denied the TRO motion on July 10, 2012. (Doc. 11). Although the plaintiff declares the motion for reconsideration is pending, that motion was denied on January 9, 2013. (Doc. 21).[3]

The plaintiff further contends the magistrate judge "did not consider the facts in the record[,]" and cites to documents 1 through 6, and 10-11 as support for his objections, *i.e.*, virtually every document in the record up until that point. (Doc. 23

---

[3] The plaintiff signed his objections on January 10, 2013, so he was unaware the motion for reconsideration had been denied. (Doc. 23 at 21).

at 4, 5, 12-13).[4]   With the exception of the motions pertaining to the request for preliminary injunctive relief, none of the documents sets out any factual allegations pertinent to the questions presently before the court that are substantially different from the amended complaint.

Finally, the plaintiff demands an opportunity to amend his complaint to allege that his transfer to W.E. Donaldson Correctional Facility was in retaliation for filing this lawsuit, that he is continuing to be denied medical care by defendants Corizen and Prison Commissioner Thomas, that he is denied access to a law library, and that he is subjected to the same unconstitutional conditions of confinement he alleges were in existence at St. Clair Correctional Facility.   (*Id*. at 20).

On July 3, 2014, the plaintiff filed a Motion for Reconsideration of Appointment of Counsel.   (Doc. 27).   That motion is currently pending and will be addressed in this Memorandum Opinion and Order.

## II. Standard of Review

This court has a duty to "make a *de novo* determination of those portions of

---

[4] These documents are, in chronological order: the complaint, a motion to amend or correct the complaint, an application to proceed *in forma pauperis*, a motion to appoint counsel, an order granting the application to proceed *in forma pauperis*, a motion to clarify the *in forma pauperis* declaration requirements, a notice of deficient pleading and an order denying plaintiff's motion for temporary restraining order.   Elsewhere, the plaintiff cites wholesale to documents 1-18, which is every document filed in the case up until October 2, 2012.

the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b).   "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.  Where an objecting " 'party makes only conclusory or general objections, or simply reiterates his original arguments, the court reviews the Report and Recommendation only for clear error.' "  *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. May 20, 2008) (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. Sept. 26, 2007)) (citations and quotations omitted).[5]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections to them, the court is of the opinion that the magistrate judge's report is due to be and is **ADOPTED IN PART** and **REJECTED IN PART** as described below.

### III.   Claims

**A.   Equal Protection (Claims I & VII)**

The plaintiff argues the magistrate judge's recommendation that his equal protection claims be dismissed "should not be adopted . . . because it supports and

---

[5] This court notes at the outset that the plaintiff was informed that the only claims and allegations that would be considered by the court were those that he was to present in what is now the operative amended complaint.  Therefore, for purposes of §1915A screening, this court will not take into consideration each and every allegation made in the numerous other documents he refers to or cites from in his objections.

promotes racial discrimination and denial of equal protection of the law." (Doc. 23 at 1). His basis for this contention is that Alabama's Constitution does not contain an equal protection clause. (*Id.*). The court **OVERRULES** the plaintiff's objections.

The applicable law for purposes of 42 U.S.C. § 1983 cases is *federal*, not state constitutional law. Federal constitutional law derives from the United States Constitution. The Fourteenth Amendment to the U.S. Constitution is the source of the Equal Protection Clause and the instrument that expressly applies that Clause to the states. *See Korab v. Fink,* 748 F.3d 875 (9th Cir. 2014) (citing U.S. Const. Amnd. XIV, §§ 1, 5) ("the Equal Protection Clause is found in the Fourteenth Amendment, which by its terms applies to the states and grants Congress the power to enforce it.").

To state a Fourteenth Amendment Equal Protection claim, the plaintiff must allege specific facts showing that similarly situated inmates received more favorable treatment than he did, and the defendants intentionally treated him differently on the basis of his race, indigent status, religion, or other constitutionally protected basis. *Sweet v. Secretary, Dept. of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006).[6] The plaintiff cannot meet this standard by arguing that Alabama's

---

[6] The plaintiff contends he also has been discriminated against based on

8

constitution contains no equal protection clause.

The plaintiff also asserts that the defendants' actions are criminal and in violation of 28 U.S.C. §§ 241-248. [7]  (Doc. 23 at 2).  He did not make this allegation in his amended complaint, but even if he had, this court has no authority to act as a prosecutorial entity.  *See United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced.")

The magistrate judge's findings regarding the plaintiff's equal protection claims are supported by the record and applicable law.  In short, the claims are conclusory and factually unsupported.  Therefore, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation that this claim be dismissed for failure to state a claim.

## B.   Cruel and Unusual Conditions of Confinement (Claim II )
##      Cruel and Unusual Punishment (Claim VI)

In his amended complaint, the plaintiff claims

---

politics, but this statement, standing alone, does not reveal a constitutionally protected interest.

[7] Although the plaintiff cites to Title 28, it is clear he intended to cite to the criminal civil rights statutes found at 18 U.S.C. §§ 241-248.

9

> because defendants Thomas, Davenport and Headly have admitted in
> the media and to the public that the overall Alabama prison system as
> well as the St. Clair institution is violent and dangerous
> unconstitutional [sic] overcrowded, understaffed, and underfunded,
> these admissions of facts are the direct cause of the denial of his rights
> to adequate medical care, food, clothing, shelter, reasonable safety,
> sanitation, and exercise.

(Doc. 17 at 7).   The plaintiff also alleges that, during a four day period in May 2012,

he was questioned without a lawyer about another inmate's death, and when he

could provide no information, he was unreasonably searched, placed in an

excessively hot and inadequately ventilated cell, and denied mail privileges, access

to a shower, and the law library.   (*Id.* at 12).   In his objections, the plaintiff alleges

for the *first* time "he was physically abused, . . . denied clean and sanitary cloth[e]s[,]

sheets, and blankets, . . . food, and an attorney once he requested one." (Doc. 23 at

13).

The magistrate judge's report addressed each of these conditions in the

context of the factual allegations made in support of particular condition in the

amended complaint, if any.   (Doc. 20 at 7-14).   The plaintiff objects to the

dismissal of his Eighth Amendment conditions of confinement claims on the

grounds that the State of Alabama does not have an Equal Protection Clause.   The

court **OVERRULES** this objection for the same reasons set out in Section III.A.

*supra*.   Only a few of the plaintiff's other objections to the magistrate judge's report

merit some discussion.

### 1.    Deliberate indifference to a serious medical need

The plaintiff objects to the recommended dismissal of his Eighth Amendment claim that defendants Thomas, Davenport and Corizen refused to have him examined and treated by an outside physician for continual rashes and itchy boils all over his body while at SCCF.  (Doc. 23 at 5).  In his amended complaint, the plaintiff alleges the condition was perpetual and so painful it prevented him from sleeping or exercising on occasion.  (Doc. 17 at 7).  In his motion for temporary restraining order, the plaintiff alleged: "[o]ne of the first Doctors to examine and treat me told me the overcrowded conditions at St. Clair caused me to develop[] the skin disorder."  (Doc. 9 at 2).  In his motion for reconsideration, the plaintiff alleges the condition was "embarrassing" because he had to scratch in public, caused "him to be incoherent at times," and caused "his skin to peel, bleed, and ooze pus from simply wearing cloth[e]s or showering."  (Doc. 12 at 1).  He declares he would wake up at night feeling as though his "skin [was] on fire and someone [was] sticking him with a needle."  (*Id.* at 2).[8]

---

[8] While this allegation was not alleged in the earlier pleadings, the court finds that the previous allegations in the amended complaint are sufficient to state a claim at this juncture regarding a serious medical need that was not being addressed at the facility.

The plaintiff contends "onsite treatment failed."  (Doc. 23 at 5).  He sent a grievance to the three defendants asking for treatment from an outside physician, but was denied.  (Doc. 17 at 3).[9]  Construing the allegations in a light most favorable to the plaintiff, the defendants' refusal to allow outside examination, diagnosis and efficacious treatment they could not provide for a condition that qualifies as a serious medical need sufficiently states an Eighth Amendment claim.

Therefore, the court **REJECTS** the magistrate judge's recommendation as to this claim, and will order defendants Thomas, Davenport and Corizen to respond to the plaintiff's Eighth Amendment medical care claim.

### 2.        Remaining conditions of confinement and punishment claims

The court **OVERRULES** plaintiff's objections regarding his Eighth Amendment food, clothing, shelter, reasonable safety, sanitation, and exercise conditions claims, and **ACCEPTS** the magistrate judge's recommendation.  The fact that a prison is overcrowded does not establish an extreme deprivation

---

[9] Specifically, he alleges in his objections that defendant Corizen's refusal was done as a matter of custom and policy because the entity "receive[s] a kick back fee for saving the Department of Corrections money on medical care for inmates." (Doc. 23 at 11-12).  He further asserts the defendants' refusal was "to cover up the fact [he] is not the only inmate with these medical conditions."  (*Id.* at 12).  The Report and Recommendation states at the end that objections are not the proper vehicle to make additional allegations.  These allegations are untimely; however, the court again finds that the other allegations in the record are sufficient to allow the matter to proceed.

prohibited by the Eighth Amendment unless it leads to unconstitutional conditions in the facility. *See Parrish v. Alabama Department of Corrections*, 156 F.3d 1128, 1129 n. 1 (11th Cir. 1998) (citing *Rhodes v. Chapman*, 425 U.S. 337, 347-48 (1981)).

The same reasoning should apply when understaffing and underfunding allegations are added to the mix.   The plaintiff does little in the way of setting out specific allegations to support the numerous infirm conditions he contends were present at SCCF as a result of overcrowding, understaffing and underfunding.   The pleadings, whether pertaining to conditions or the questioning, searches and four-day punishment in May 2012 consist of conclusions, labels and naked assertions without further factual detail.   The plaintiff's protests that the pleadings are sufficiently specific are unavailing and without merit.

Only one condition merits any further discussion, and that is the plaintiff's contention that he was housed in a dangerous and violent facility.   Other than to cite to newspaper articles and an email newsletter attached to his motion for reconsideration (doc. 12-1), the plaintiff's amended complaint contains no allegations to support his conditions claim based on violence at SCCF.   Many of these exhibits either pertain to the American approach to criminal justice as a whole, the Alabama prison system as a whole, or to a particular Alabama prison that is *not*

St. Clair Correctional Facility.   (*Id.*).   Only one, undated, article pertains solely to St. Clair Correctional Facility.   (*Id.*).   It describes an incident where two inmates (neither was the plaintiff) were burned with gasoline by other inmates, and a separate incident in which a corrections officer was caught bringing four bags of marijuana into the facility.   (*Id.* at 18-19).

Another newspaper article, which appears to have been written in 2012, concerns overcrowding, underfunding, understaffing and the amount of violence in Alabama prisons.   The article reports defendant Prison Commissioner Kim Thomas as pleading with the Alabama legislature for additional funding and sentencing reform to help alleviate the problems.   (*Id.* at 5-7).   The article also reports a 40% increase in inmate-on-inmate violence in the 2010-11 fiscal year (while explaining the reporting methods lacked certainty), and refers to officer versus inmate violence. (*Id.* at 5-6).   To the extent the article addresses SCCF, it lists that facility as number 9 out of the top ten violent prisons in Alabama in 2011.   (*Id.* at 6) (4.48 incidents per 100 inmates).   It also reports two inmates at St. Clair were murdered that year. (*Id.*).

Neither the reported incidents of violence nor statistics pertaining to them in the articles, as purportedly caused by lack of funding and staffing and overpopulation, are sufficient to state the plaintiff's Eighth Amendment conditions

14

claim against the named defendants.   The exhibits are no substitute for the plaintiff's own, first-hand description of *his experience* of violence at St. Clair Correctional Facility.   The plaintiff does not provide such a description.   The plaintiff only expresses that he felt fear at St. Clair Correctional Facility, but does not describe the particular conditions that precipitated it or his reactions to them, and does not allege he was ever attacked or physically harmed by either an inmate or an officer while at the facility.   While the plaintiff does state that officers were verbally abusive, that fact, standing alone, is not an actionable constitutional claim.

### e.  Conclusion

For the foregoing reasons, the court **OVERRULES** the plaintiff's objections and **ACCEPTS** the magistrate judge's recommendation in connection with the plaintiff's Eighth Amendment conditions of confinement claims the overcrowding, understaffing, and underfunding of SCCF led to and caused him to suffer injury in connection with infirm conditions such as food, clothing, shelter, reasonable safety, sanitation, and exercise. The court also **OVERRULES** the plaintiff's objections and **ACCEPTS** the magistrate judge's recommendation in connection with what the plaintiff has titled an Eighth Amendment punishment claim pertaining the circumstances surrounding his four-day segregation in May 2012.

**C.    Fourteenth Amendment Due Process (Claim IV).**

The court **OVERRULES** the plaintiff's objections to the magistrate judge's recommendation that his Fourteenth Amendment Due Process claims in connection with property loss, a false disciplinary and procedurally deficient disciplinary hearing.   The plaintiff utilizes the same faulty argument that Alabama lacks an equal protection clause in its constitution to support his claim that he could not avail himself of that state's post-deprivation remedy in connection with seeking recompense for the loss of his property.   This objection is without merit.   *See supra*, Section III.A.

The plaintiff objects to the dismissal of the false disciplinary and procedurally deficient disciplinary hearing on the basis that he alleged the disciplinary "was issued out of retaliatory motive."   (Doc. 23 at 16).   Specifically, he contends that he alleged defendant Cornelison wrote the disciplinary "[b]ecause Plaintiff told the defendant to stop calling him racial names the equal of n---a."   (*Id.*) (citing Doc. 12-1 at 32 "Motion for Reconsideration").   However, this contention is untrue.   In that document, the plaintiff alleged Cornelison gave him a disciplinary because of his race and religion, in violation of his right to equal protection of the law.   (*Id.*). In his amended complaint, the plaintiff did not set out any retaliation claim, but instead, claimed the defendants engaged in invidious discrimination in violation of

his right to equal protection by the manner in which "rules" were "enforce[d]." (Doc. 17 at 7).

The court **ADOPTS** the magistrate judge's report in connection with this claim and **ACCEPTS** his recommendation.

## D.    Fourth Amendment Unreasonable Search (Claim V)

Finally, the plaintiff objects to the magistrate judge's dismissal of his Fourth Amendment claim pertaining to the defendants' search of his person and property. (Doc. 23 at 15).   He contends that he can establish the "obduracy and wantonness" the magistrate judge found lacking because he was twice subjected to unreasonable searches.   (*Id.*).   On the first occasion, he was strip searched and dogs were used to search his cell.   (*Id.*).   On the second occasion, he was directed to provide a urine sample.   (*Id.*).   The plaintiff's objections are without merit.   Contrary to his contention, the searches do not "show a pattern of calculate[d] harassment unrelated to prison needs."   (*Id.*).   Instead, they show two unrelated instances in which the defendants conducted searches that are more than reasonably related to the order and security of the prison.

The court **ADOPTS** the magistrate judge's report in connection with this claim is and **ACCEPTS** his recommendation.

## VI.   Requests for Relief

### A.     Emotional damages

The plaintiff objects to the magistrate judge's recommendation that his requests for damages for emotional injury be denied.   (Doc. 23 at 18).   He declares the court failed to consider "he alleged that as a result of the defendants['] actions he has developed high blood pressure and a skin disorder."   (*Id.*).   Under the Prison Litigation Reform Act, the plaintiff cannot "request[] damages for emotional injury without a prior showing of physical injury[.]"   *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (citing 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(e)). Moreover, the plaintiff alleges his high blood pressure was caused by the conditions at SCCF, and he has failed to state an Eighth Amendment conditions of confinement claim.   However, the continual skin disorder, as portrayed by the plaintiff, is sufficient at this time to surpass *de minimis* physical injury, and as such, his request for emotional damages as to that claim remains viable for § 1915A screening purposes.   *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated in part on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc) (holding that while physical injury is not defined in § 1997e(e), it "must be more than *de minimis*, but need not be significant.")).   Accordingly, the court **REJECTS** the magistrate judge's report to the extent that it denies the plaintiff's request for emotional

damages.

**B.      Injunctive relief**

The court **ADOPTS** and **ACCEPTS** the magistrate judge's assertion that the plaintiff's request for injunctive relief has been rendered **MOOT** by his transfer. "The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) (alteration supplied) (citing *McKinnon v. Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984); *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (per curiam)).   Once the plaintiff was transferred from St. Clair Correctional Facility, his claims regarding the conditions at that facility "no longer presented a case or controversy."   *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (citing *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985)).

## VII.   Objections pertaining to Discovery and The Motion for Reconsideration of Appointment of Counsel

The plaintiff objects to the dismissal of his claims on the grounds that the magistrate judge denied his motion for appointment of counsel for the purpose of conducting discovery.   (Doc. 23 at 19).   He contends he could have provided the specific facts necessary to state a claim had counsel been appointed; namely, his

medical records, incident reports, cubicle logs, I&I reports, Jefferson County Health Department records, Global Tel and telephone records, and disciplinary records. (*Id.*). The court **OVERRULES** the plaintiff's objections**.**   The medical claim will be referred to the magistrate judge for further proceedings; namely, an informal special report procedure. Discovery will be allowed pursuant to the special report procedure.

The court **DENIES** the plaintiff's Motion for Reconsideration of Appointment of Counsel.  (Doc. 27).  He contends that he is unable to afford counsel, has little access to the prison law library, and "is in desperate need of counsel to conduct discovery in this case, due to the defendants['] refusal to comply with Jefferson [C]ounty Circuit Court Judge Tracie E. Todd's order to provide him copies of his medical records and her order granting Johnson's motion to compel." (*Id.* at 1).  He asserts that if counsel were appointed on his state court discovery motion, he would be able to get the medical records to support his Eighth Amendment medical care claim.   (*Id.* at 2).    This court has no authority to appoint counsel to assist the plaintiff with discovery matters in the litigation of a separate state court case.

## VIII.   Motion to Amend the Complaint

In his objections, the plaintiff requests the opportunity to amend his complaint

to assert that all claims in his amended complaint will alleged in connection with the present facility in which he is incarcerated, W.E. Donaldson Correctional Facility. (Doc. 23 at 20).   The court construes this request as a Motion to Amend the Complaint, and **DENIES** it.   Any claims pertaining to a retaliatory transfer from SCCF to Donaldson Correctional Facility or claims pertaining to Donaldson in general are separate from and unrelated to the plaintiff's claims in the amended complaint.   The plaintiff will not be prejudiced because he has the ability to bring the claims in a separate action.   *See Dickerson v. Donald*, 252 F. App'x. 277, 279 (11th Cir. 2007); *Schwartz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2008); *Nance v. Ricoh Electronics, Inc.,* 381 F. App'x. 919, 924 (11th Cir. 2010).

## IX.   Conclusion

For all of the foregoing reasons, the court **DISMISSES** all claims in the amended complaint pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted, *except the plaintiff's claim that defendants Thomas, Davenport and Corizen were deliberately indifferent to his serious medical needs from May 15, 2010, until September 2012*.   Further, the court **FINDS** the plaintiff's request for injunctive relief to be **MOOT**, and **REJECTS** the magistrate judge's report to the extent that it denies the plaintiff's request for emotional damages. The court also DENIES the plaintiff's Motion requesting permission to

amend the complaint (doc. 23, at 19-20) and **DENIES** his Motion for Reconsideration of Appointment of Counsel (doc. 27).

The court **DIRECTS** the Clerk to TERM documents 23 and 27.

**DONE** and **ORDERED** this March 31, 2015.

_Karon O. Bowdre_

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE