# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| AARON LAMONT JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:12-cv-01899-KOB-JEO |
| | ) |
| SAINT CLAIR CORRECTIONAL | ) |
| FACILITY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This *pro se* prisoner case filed pursuant to 42 U.S.C. § 1983 comes before the court on motions for summary judgment filed by defendants Corizon Health, Inc., Warden Carter Davenport and Prisoner Commissioner Thomas as to the plaintiff's claims of deliberate indifference to his serious medical needs; specifically, his skin disorders. (Docs. 45-46). The plaintiff filed a response to the motions, and included within the response request for additional discovery. (Doc. 51).

### I. Pertinent Procedural History

The magistrate judge filed a report and recommendation on July 13, 2015, recommending that the plaintiff's motion for leave to conduct additional discovery be denied, the defendants' motion for summary judgment be granted, and this case

be dismissed with prejudice. (Doc. 52). The plaintiff filed objections to factual and legal recommendations in the magistrate judge's report and recommendation on July 30, 2015. (Doc. 55).

## II. Analysis

**A.     The plaintiff's objections to the magistrate judge's factual findings and denial of the motion for leave to conduct additional discovery**

The plaintiff complains his skin disorder began prior to late 2010, and argues the magistrate judge failed to order the defendants to produce records that would corroborate his position. (*Id.* at 2). This objection is without merit because the magistrate judge accepted as true those factual allegations offered by the plaintiff to support his assertion that his skin difficulties began prior to late 2010. (Doc. 52 at 25-26).

The plaintiff also contends the magistrate judge made false factual findings regarding the ongoing nature of his skin condition. (Doc. 55 at 2). This objection lacks merit because the plaintiff did not dispute the content or validity of the medical records examined by the magistrate judge in this portion of his report and recommendation. (Doc. 52 at 7-8) (citing Docs. 46-6 at 68-70 and 46-7 at 1-19). Moreover, the magistrate judge expressly found that the plaintiff's skin condition *was* ongoing and continuous while he was an inmate at St. Clair Correctional Facility

from 2006 until his transfer to W.E. Donaldson Correctional (WEDCF) Facility on September 26, 2012. (*Id.* at 7, 16).

Next, the plaintiff objects to the magistrate judge's report that he refused to be seen in chronic care four times in 2011 and three times in 2012; refused physical examination once in 2011 and twice in 2012; refused labs for an annual physical in 2011; and refused recommended lab work in 2012. (Doc. 55 at 2-3). The plaintiff asserts these fact findings are contradicted by "page 5" of his affidavit, where he attested that DOC officers refused to allow him to attend some of his appointments, and that Corizon employees have a practice of failing to properly record the refusals. (*Id.* at 3). However, the court records show no such affidavit. The plaintiff submitted an affidavit in opposition to the summary judgment (doc. 51 at 6-10), but that affidavit does not include any information about the DOC officers' alleged refusal to allow him to attend some appointments and did not refute the validity of the medical records showing the non-compliance at issue.

The plaintiff also objects to the report on the grounds that he submitted an affidavit testifying "he was still experiencing pain due to his skin disorder not being cured after all on site treatment failed over at least a nine (9) year period." (Doc. 55 at 2). To the extent this assertion includes any time period before July 2014, the magistrate judge assumed discomfort from the disorder in his report (doc. 52 at 11-

3

12) based on the medical records, and for the period thereafter, the plaintiff made no such declaration in any affidavit submitted to the court.

The plaintiff further contends he filed an affidavit stating that he signed up for sick call and filed a grievance in April 2015, asking to be reexamined by Dr. Donahue, the outside dermatologist, but "[d]efendant [Corizen] Hugh Hood personally denied and refuse[d] to have Plaintiff treated by Dr. Donahue as [Dr. Donahue] ordered Plaintiff returned to him if the treatment prescribed failed." (Doc. 55 at 4). Again, and contrary to his objections, the plaintiff did not make the above attestation in any affidavit filed with the court.

Moreover, in July 2014, when Dr. Donahue examined the plaintiff and ordered that he be treated with Triamcinolone ointment for 30 days, his instructions were for the plaintiff to return *if* he did not improve within *six weeks*. (Doc. 46-4 at 55). The medical records generated at WEDCF between July 2014 and March 23, 2015 (the most recent date produced by the defendant), the content validity of which the plaintiff does not dispute, show that the plaintiff requested no medical attention for his skin disorders nor was any afforded to him during that time period, with perhaps the exception of a 30 day period in January 2015. (*See* Doc. 46-3 at 39 (plaintiff was prescribed Clindamycin soon after his release from the hospital for renal failure, but no notations as to why the medication was prescribed at that time)).

Finally, the plaintiff objects to the magistrate judge's report regarding the fact that he disputes Dr. Hood's assertion that he was hospitalized for drug addiction. (Doc. 55 at 4). Although the plaintiff now takes issue with Dr. Hood's "flat out lie[]," he did not do so prior to the entry of the report and recommendation. (*Id.*) In any event, the medical records do not support Dr. Hood's statement, and the issue is immaterial and irrelevant to the plaintiff's claims.

As for the plaintiff's objections to the magistrate judge's recommendation that his request for additional discovery be denied (doc. 55 at 10-12), the court OVERRULES those objections. The court acknowledges that the plaintiff alleged and the magistrate judge noted some missing records, but also acknowledges that the magistrate judge accepted as true the plaintiff's version of the facts supporting his claims against the defendants.

## B.  Legal Objections

The plaintiff argues the magistrate judge did not "apply the correct standard of law to the facts and the evidence." (*Id.* at 5). He cites *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988), in which the Supreme Court acknowledged it had "long recognized that a plaintiff may be able to prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a "custom or usage" with the force of

law.'" 485 U.S. at 187 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168 (1970)).

Prior to the current objections, the plaintiff declared Corizon Health, Inc., medical personnel informed him that he would not be referred to an outside health care provider because the Alabama Department of Corrections and Corizon had an agreement to deny such treatment absent a life threatening condition. (Doc. 51 at 8-9). As pointed out by the magistrate judge,

> [i]n the operative amended complaints, the plaintiff alleged the defendants "failed to have him examined and treated by an outside specialist for his serious medical condition of painful, itchy rashes and boils" when "onsite treatment failed." (Docs 17 at 4; 34 at 2). He "sent numerous grievances and sick-call slips to the three defendants[,]" but they "refused outside examination, diagnosis and efficacious treatment they could not provide." (Doc. 34 at 2).
>
> *After* the defendants filed their special reports, the plaintiff claims "the defendants refused to allow outside examination, diagnosis and efficacious treatment they could not provide" for his skin condition (*id.*) as a matter of "custom[, which is] the direct cause of his injury." (Doc. 51 at 2). He asserts that he "has alleged and established defendants Thomas and Davenport by agreement with defendant Corizon from 2010 until September 26, 2012, [had a] persistent and wide-spread practice [of] denying [him] off site exam[ination] and treatment for a curable skin condition," which caused him ["]unnecessary and wanton infliction of pain" in violation of the Eighth Amendment. (*Id.* at 3).

(Doc. 52 at 13-14) (footnotes omitted).

The plaintiff failed to provide any affidavits from the individuals who allegedly

informed him about the policy. In his objections, the plaintiff argues the magistrate judge should have found the existence of a genuine material dispute regarding the unconstitutional custom described above – by finding that all three defendants had an *additional, secondary* custom or policy of not recording their responses to his requests for outside treatment in writing. (Doc. 55 at 7-10). This objection is without merit as the plaintiff has not previously alleged such a secondary custom existed, and one cannot be inferred from the alleged absence of recorded responses or lack of responses in the medical record. Moreover, the plaintiff has never provided any evidence from other inmates to establish either the existence of the custom(s) he alleges – primary or secondary – and that the custom(s) were widespread.

    Even if the court were to assume a custom of not referring inmates to outsider health care providers unless a life threatening condition existed, the plaintiff has not produced genuine disputed material facts to establish that the policy is unconstitutional *per se* or *as applied* to his circumstances. The plaintiff admits that he has skin disorders, and does not dispute that those disorders are atopic dermatitis and lichen simplex chronicus. Although he asserts they are "curable," he has provided no evidence in support of this contention, and therefore has not refuted Dr. Hood's testimony that symptoms of the skin disorders wax and wane, and that when active, they are treated accordingly. (Doc. 46-1 and 2-8).

The plaintiff has never denied he has been repeatedly treated for his skin disorders, and a review of his medical records bears this out. Even now, the plaintiff admits Dr. Hood is prescribing him "Triamcinolone Acetonide ointment USP, 0.1%," the same medication prescribed by Dr. Donahue. (Doc. 55 at 4; Doc. 46-6 at 55, 58). That the plaintiff suffers from such painful skin disorders is unfortunate, but the medical records and the plaintiff's allegations clearly establish that he is timely treated for those disorders and other medical difficulties. No evidence shows the defendants refused, as a matter of custom or for monetary reasons, to allow the plaintiff to be examined and treated by an outside health care provider, and opted to provide less efficacious treatment for his skin disorders. Finally, no evidence suggests that such a custom caused or worsened the plaintiff's chronic skin disorders. Ultimately, the plaintiff's allegations boil down to a difference of opinion between himself and medical professionals as to who should evaluate and provide his treatment which, in this case, does not rise to an Eighth Amendment cause of action against the defendants. *See Harris v. Thigpen*, 941 F.2d 1495, 1501 (11th Cir. 1991).

### III. Conclusion

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the court finds that the magistrate judge's report is due to be and is hereby

**ADOPTED** and his recommendation is **ACCEPTED**.

The court **EXPRESSLY FINDS** that the plaintiff's motion for leave to conduct additional discovery is due to be **DENIED** (doc. 51) and his objections **OVERRULED**. The court further **EXPRESSLY FINDS** that no genuine issues of material fact exist and that the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment is due to be **GRANTED**. (Docs. 45, 46, & 48).

The court will enter a Final Judgment.

DONE and ORDERED this the 16th day of September, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE